UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCO BICEGO S.P.A., *et al.*,<br>Plaintiffs,<br>v.<br>STEPHANIE KANTIS, *et al.*,<br>Defendants. | Case No. 17-cv-00927-SI<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS THE FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND**<br>Re: Dkt. No. 25 |

Defendants' motion to dismiss the first amended complaint is scheduled for a hearing on July 3, 2017. Pursuant to Civil Local Rule 7-1(b), the Court determines that this matter is appropriate for resolution without oral argument and VACATES the hearing. For the reasons set forth below, the Court GRANTS defendants' motion and GRANTS plaintiffs leave to amend the complaint. **The amended complaint must be filed no later than July 7, 2017.**

**BACKGROUND**

On February 23, 2017, plaintiffs Marco Bicego USA, Inc. and Marco Bicego S.P.A. filed this lawsuit against defendants Kantis Holdings, LLC and Stephanie Kantis. On February 28, 2017, plaintiff filed an amended complaint. Dkt. No. 9. The amended complaint alleges that plaintiffs are "world renowned fine jewelers celebrated over the past 59 years for their unique and high-quality designs using precious metals, primarily gold, platinum, silver and the highest quality diamonds in their work, including their famously received JAIPUR and JAIPUR LINK collections." First Amended Complaint ("FAC") ¶ 1. Defendants are "jewelry accessories manufacturers under the trademark and trade name Stephanie Kantis, selling nationally throughout the United States." *Id.* ¶ 2.

The statement of facts consists of three paragraphs:

> 6. Plaintiffs are world famous designers of exquisite jewelry for the luxury jewelry market. Such fame includes their substantial work under their brand JAIPUR LINK, which includes all copyright works created by the designers of Plaintiffs in Italy. Plaintiffs have offered their JAIPUR LINKS collected works since at least as early as March 2010 and probably earlier for sale in the United States to famous department stores, as shown in Exhibit A attached hereto.
>
> 7. Upon information and belief Defendants allege they are selling designs substantially the same as Plaintiffs' JAIPUR LINKS designs and have set forth such allegations in a letter to Plaintiffs asserting copyright infringement and trademark (trade dress) claims against Plaintiffs, which is attached hereto as Exhibit B. Defendants have claimed likelihood of confusion by having the goods of Plaintiffs and Defendants in the same marketplace. Defendants have claimed no access by Plaintiffs to any of Defendants' designs or any indication that Plaintiffs and Defendants are even in the same marketplace, *i.e.*, fine jewelry versus accessories jewelry.
>
> 8. Plaintiffs' business is substantial and has been threatened by Defendants with assertions of damages and injunctive relief.

*Id.* ¶¶ 7-8.

Exhibit B to the amended complaint is a letter dated February 2, 2017, from defendants' lawyers to plaintiff Marco Bicego and his counsel. The letter states, "[i]t has come to our attention that Marco Bicego is selling jewelry that infringes on Stephanie Kantis's well-known trade dress, as well as its copyrighted designs." *Id*. Ex. B. The letter states that "Ms. Kantis's signature look of her innovative jewelry collection is CORONATION chains . . . in her VERSITAL Collection, a collection of statement-making pendants, chains, and bracelets made to mix and match," and asserts that "Marco Bicego is presently advertising and offering for sale a line of virtually identical chains, which copies the Kantis Trade Dress and otherwise infringes on her copyrights." *Id*. The letter requests, *inter alia*, that Bicego "immediately pull the Infringing Designs from his line and cease marketing and selling goods that infringe on Stephanie Kantis's trade dress and copyright." *Id*.

The amended complaint asserts three causes of action: (1) declaratory relief, 28 U.S.C. §§ 2201-02; (2) violation of the Lanham Act, 15 U.S.C. § 1125(a); and (3) violation of California's Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, *et seq*. Defendants have moved to dismiss plaintiffs' Lanham Act and UCL claims, and move to strike portions of the claim for declaratory relief.

**LEGAL STANDARDS**

**I.     Rule 12(b)(6)**

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This "facial plausibility" standard requires the plaintiff to allege facts that add up to "more than a sheer possibility that a Defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While courts do not require "heightened fact pleading of specifics," a plaintiff must allege facts sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555, 570. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id*. (quoting *Twombly*, 550 U.S. at 557). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id*. at 679.

In reviewing a Rule 12(b)(6) motion, a district court must accept as true all facts alleged in the complaint, and draw all reasonable inferences in favor of the plaintiff. *See al-Kidd v. Ashcroft*, 580 F.3d 949, 956 (9th Cir. 2009). However, a district court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig*., 536 F.3d 1049, 1055 (9th Cir. 2008). As a general rule, the Court may not consider any materials beyond the pleadings when ruling on a Rule 12(b)(6) motion. *Lee v. City of L.A*., 250 F.3d 668, 688 (9th Cir. 2001). However, pursuant to Federal Rule of Evidence 201, the Court may take judicial notice of "matters of public record," such as prior court proceedings, without thereby transforming the motion into a motion for summary judgment. *Id*. at 688–89. If the Court dismisses a complaint, it must decide whether to grant leave to amend. The Ninth Circuit has "repeatedly held that a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (citations and internal quotation marks omitted).

## II. Rule 12(f)

Pursuant to Federal Rule of Civil Procedure 12(f), the Court may strike from a pleading "any redundant, immaterial, impertinent or scandalous matter." Fed. R. Civ. P. 12(f). The purpose of a Rule 12(f) motion is to avoid spending time and money litigating spurious issues. *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), reversed on other grounds, 510 U.S. 517 (1994). Matter is immaterial if it has no essential or important relationship to the claim for relief pleaded. *Id*. Matter is impertinent if it does not pertain and is not necessary to the issues in question in the case. *Id*.

## DISCUSSION

### I. Lanham Act

Plaintiffs' second cause of action alleges a claim for unfair competition under the Lanham Act, 15 U.S.C. § 1125(a). 15 U.S.C. § 1125(a) establishes civil liability for:

> (1) Any person who, on or in connection with any goods or services, or any container for goods, uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which—
>
> (A) is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person, or
>
> (B) in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities.

15 U.S.C. § 1125(a).

Plaintiffs allege the following in support of their Lanham Act claim:

> Defendants by their threats, demands and actions have unfairly competed with Plaintiffs to obtain a competitive advantage in the selling of their jewelry as if it rises to the level of the high standards associated with the artistry and good will created by the many decades of skill from the artisans working for Plaintiffs. The charges leveled by Defendants come with no support and are acting as a trademark bully to gain rights they clearly do not have. Their assertions in their letter to Plaintiffs show no definitive, realizable rights that are protectable under the Copyright Act, the Lanham Act or any other laws. In fact it appears they have violated the copyright rights of Plaintiffs and continue to do so, subject to Plaintiffs bringing a copyright infringement claim once Plaintiffs['] rights receive U.S. Government registration authority.

4

FAC ¶ 15. Although the amended complaint does not specify under which subsection of the Lanham Act plaintiffs bring their claim, plaintiffs' opposition clarifies that they are asserting a claim for false association under section 1125(a)(1)(A). Opp'n at 8 (Dkt. No. 31).

Defendants contend that plaintiffs lack standing under the Lanham Act. Under the "false association" prong of § 43(a)(1)(A) of the Lanham Act, a plaintiff must "allege commercial injury based upon the deceptive use of a trademark or its equivalent to satisfy standing requirements." *Jack Russell Terrier Network of N. Ca. v. Am. Kennel Club, Inc*., 407 F.3d 1027, 1036 (9th Cir. 2005). Defendants contend that plaintiffs fail to allege any commercial injury or "the deceptive use of a trademark," and that "[t]hey merely allege receiving a private Letter from Kantis's counsel, the substance of which they disagreed with." Mot. at 5:4-5 (Dkt. No. 25).

Plaintiffs respond by asserting that the private letter "is a declaration of war" and that the contents of the letter "do not sound like a 'private communication' between parties, but rather, without exaggeration, a civil complaint in the Federal Court in the form of a letter signed by an attorney, to Marco Bicego." Opp'n at 4 (Dkt. No. 31). Plaintiffs assert, in a conclusory fashion, that to establish standing "Marco Bicego need only allege commercial injury based upon the deceptive use of a trademark to satisfy standard requirements." *Id.* at 9. However, plaintiffs do not explain how the FAC alleges any commercial injury.

The Court concludes that plaintiffs have failed to show standing to bring a claim for false association under section 1125(a)(1)(A) of the Lanham Act. Plaintiffs do not allege how the private inter-party letter caused any lost sales or damage to their brand, nor do plaintiffs articulate how the letter used a trademark deceptively. *Cf. Luxul Tech. Inc. v. Nectarlux, LLC*, 78 F. Supp. 3d 1156, 1170 (N.D. Cal. 2015) (holding plaintiff alleged standing under Lanham Act for false designation of origin and false advertising where "Plaintiff has alleged lost sales and profits, and damage to its reputation, as a result of Defendants' misbranding of Plaintiff's products, false advertising, and misrepresentations to third-parties regarding Plaintiff's alleged legal troubles."). Thus, plaintiffs lack standing under the Lanham Act.

Defendants also argue that plaintiffs fail to allege the elements of a claim under Section 1125(a)(1)(A). To state a claim under that section, a plaintiff must allege the following elements:

5

> (1) defendant uses a designation (any word, term, name, device, or any combination thereof) or false designation of origin; (2) the use was in interstate commerce; (3) the use was in connection with goods or services; (4) the designation or false designation is likely to cause confusion, mistake, or deception as to (a) the affiliation, connection, or association of defendant with another person, or (b) as to the origin, sponsorship, or approval of defendant's goods, services, or commercial activities by another person; and (5) plaintiff has been or is likely to be damaged by these acts.

*Summit Tech. v. High-Line Medical Instruments, Co*., 933 F. Supp. 918, 928 (C.D. Cal. 1996) (citing 3 J. Thomas McCarthy, McCarthy on Trademarks and Unfair Competition § 27.03[1][a]). Defendants contend that the private inter-party letter is not a designation of origin in interstate commerce in connection with goods or services, and that this private letter could not cause confusion, mistake, or deception. Defendants also contend that plaintiffs fail to allege damage as a result of the letter.

Plaintiffs assert that they have alleged the elements of a false association claim:

> [The claim is] for, as stated in 1125(a)(1)(A), that Defendant "uses a designation" and the use was in interstate commerce (clearly). The use is in connection with the goods or services of Kantis and Marco Bicego and the designation was likely to cause confusion, mistake or deception – clearly claimed by Kantis in its correspondence with Marco Bicego and contradicted by the FAC, paras. 6 and 7 and Exhibit B to the FAC.
>
> Kantis has claimed that there is confusion, mistake or deception as to the affiliation, connection or association of Marco Bicego with another, the Kantis' goods, and the FAC asserts the exact opposite: that such confusion, mistake or deception has occurred by reason of Kantis' goods and commercial activities. There are obvious, imminent infringements and the likelihood of damage by the above acts is clearly set forth in para. 7 by having the goods of Marco Bicego and Kantis in the same marketplace (an assertion by Kantis) and that Marco Bicego business is substantial and has been threatened by Kantis with assertions of damages.

Opp'n at 8 (Dkt. No. 31).

The Court concludes that plaintiffs have not alleged the elements of a Lanham Act claim. As an initial matter, the amended complaint contains conclusory allegations of law and almost no facts. *See Twombly*, 550 U.S. at 555 ("While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.") (internal citation and quotation marks omitted). Plaintiffs do not allege or explain how the letter is a designation of origin in interstate commerce. Plaintiffs appear to assert that because the letter was sent in the mail, the letter satisfies the

requirement that defendants' use is in interstate commerce. However, even assuming the use of the mail satisfies the *interstate* requirement, plaintiffs do not explain how defendants' letter used a designation in commerce. Further, plaintiffs do not allege any facts showing that the letter is likely to cause confusion.

Accordingly, the Court GRANTS defendants' motion to dismiss the complaint. The Court GRANTS plaintiffs leave to amend in the event they in good faith can allege additional facts to show standing under the Lanham Act as well as the elements of a false association claim.

## II. California Unfair Competition

Plaintiffs' third cause of action is for violation of California's Unfair Competition Law ("UCL"), Business & Professions Code § 17200, which prohibits "unlawful, unfair or fraudulent" business acts or practices. *See* Cal. Bus. & Prof. Code § 17200; *see also Cel-Tech Commc'ns, Inc. v. Los Angeles Cellular Tel. Co.*, 20 Cal. 4th 163, 180 (1999). Plaintiffs allege the following in support of their UCL claim:

> The acts and actions of Defendants as an unfair business practice in taking the positions in their threatening letter to Plaintiffs, has the clear tendency to deceive the public in believing Plaintiffs are bad actors and are intentionally copying strongly alleged but unsupportable charges from Defendants. Such actions violate the copyright and trademark laws as above set forth. This has occurred because the assertions are empty in creating any rights against Plaintiffs.

FAC ¶ 17. Plaintiffs' opposition states that plaintiffs' claim is brought under both the "unlawful" and "unfair" prongs of the UCL.

Defendants contend that plaintiffs lack standing to bring a UCL claim against defendants. Defendants argue that plaintiffs have not alleged that they have "suffered injury in fact and [have] lost money or property as a result of the unfair competition." *See* Cal. Bus. & Prof. Code § 17204. Defendants argue that the only conduct that plaintiffs allege is the letter sent to them from defendants' counsel, and "they fail to explain how private correspondence between the parties has any conceivable capacity to 'deceive the public.' (FAC ¶ 17.)" Mot. at 7 (Dkt. No. 25). Defendants also argue that plaintiffs lack standing because they fail to allege an injury capable of remedy by injunctive relief or restitution. *See Cel-Tech*, 20 Cal. 4th at 179 ("Prevailing plaintiffs

are generally limited to injunctive relief and restitution.").

Plaintiffs' opposition asserts that "[s]aving the reputation of a party is more important than any money or property referenced by Kantis." Opp'n at 10 (Dkt. No 31). In so arguing, plaintiffs appear to concede that they have not alleged any loss of money or property as a result of the letter. In response to defendants' argument that plaintiffs have failed to allege an injury capable of remedy through restitution or injunctive relief, plaintiffs argue that the letter "made abundantly clear . . . [that] [t]he misconduct by Kantis was to be continued in a lawsuit if Marco Bicego did not adhere to the trademark bullying tactics of Kantis." *Id*. As defendants note in their reply, "[p]laintiffs thus appear to seek an injunction preventing Kantis from suing them for trademark infringement." Reply at 4 (Dkt. No. 35). Plaintiffs do not identify any restitutionary relief to which they may be entitled.

The Court concludes that plaintiffs lack standing under the UCL. Plaintiffs do not cite any authority for the proposition that injury to reputation, in the absence of loss of money or property, is sufficient to confer standing under the UCL. Since the passage of Proposition 64 in 2004, private plaintiffs wishing to sue under the UCL must demonstrate that they have "suffered injury in fact and [have] lost money or property as a result of the unfair competition." *See* Cal. Bus. & Prof. Code § 17204; *see also Kwikset Corp. v. Super. Ct.*, 51 Cal. 4th 310, 323 (2011) ("The plain import [of Proposition 64] is that a plaintiff now must demonstrate some form of economic injury."). Plaintiffs have not alleged any economic injury as a result of defendants' alleged unfair competition, and thus they lack standing under the UCL. Further, the FAC does not allege any facts in support of plaintiffs' rather extraordinary suggestion that they may pursue injunctive relief preventing defendants from filing a lawsuit against plaintiffs, and indeed the Court is not aware of legal authority that would permit the Court to grant such relief based upon the circumstances presented here.

Defendants also contend that the FAC fails to state a claim under the unlawful or unfair prongs of the UCL. The Court agrees. Because plaintiffs have failed to state a claim under the Lanham Act, they have failed to state a claim under the unlawful prong. *See Cel-Tech*, 20 Cal. 4th at 180 (stating that the "unlawful" prong of the UCL "borrows violations of other laws.").

8

With regard to the UCL's unfair prong, defendants contend that plaintiffs fail to allege any facts as to how defendants' letter could constitute actionable "unfairness" within the meaning of the UCL. Plaintiffs respond that "there clearly is threatened impact on Marco Bicego's competition in the luxury jewelry market from Kantis. The Kantis letter and its activity thereafter show an unethical, unscrupulous and substantially injurious set of facts which will result for consumers, as well as Marco Bicego, being harmed." Opp'n at 11 (Dkt. No. 31).

Where a competitor brings an action under the unfair prong of the UCL claiming anticompetitive practices, the California Supreme Court's decision in *Cel-Tech* governs. *See* Dkt. Nos. 38 at 8, 49 at 3; *Cel-Tech*, 20 Cal. 4th at 187 n.12.[1] The California Supreme Court has instructed:

> [T]o guide courts and the business community adequately and to promote consumer protection, we must require that any finding of unfairness to competitors under section 17200 be tethered to some legislatively declared policy or proof of some actual or threatened impact on competition. We thus adopt the following test: When a plaintiff who claims to have suffered injury from a direct competitor's "unfair" act or practice invokes section 17200, the word "unfair" in that section means conduct that threatens an incipient violation of an antitrust law, or violates the policy or spirit of one of those laws because its effects are comparable to or the same as a violation of the law, or otherwise significantly threatens or harms competition.

*Id.* at 186-87.

The FAC does not satisfy this test. The FAC alleges that the position taken by defendants in the letter "has the clear tendency to deceive the public in believing Plaintiffs are bad actors and are intentionally copying strongly alleged but unsupportable charges from Defendants." FAC ¶ 17. Plaintiffs do not explain how a private letter asserting trademark infringement threatens an incipient violation of an antitrust law or significantly threatens or harms competition. *Cf. Levitt v. Yelp! Inc.*, 765 F.3d 1123, 1127, 1136-37 (9th Cir. 2014) (affirming dismissal of UCL "unfair" claim brought by business owners because the general allegation that Yelp's conduct of creating negative reviews "harms competition by favoring businesses that submit to Yelp's manipulative conduct and purchase advertising to the detriment of competing businesses that decline to

---

[1] In contrast, as the Ninth Circuit has noted, "the proper definition of 'unfair' conduct against consumers 'is currently in flux' among California courts." *Davis v. HSBC Bank*, 691 F.3d 1152, 1169 (9th Cir. 2012).

9

purchase advertising" did not suffice to allege what "amounts to a violation of antitrust laws" or conduct that "otherwise significantly threatens or harms competition.").

Accordingly, the Court GRANTS defendants' motion to dismiss the complaint. The Court GRANTS plaintiffs leave to amend in the event they in good faith can allege additional facts to show standing under the UCL as well as the elements of a claim under the "unlawful" and/or "unfair" prongs.

## III. Declaratory Relief

The Declaratory Judgment Act provides that, "[i]n a case of actual controversy within its jurisdiction . . . any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). The dispute, however, must be "real and substantial" and "definite and concrete, touching the legal relations of parties having adverse legal interests[.]" *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007). The Ninth Circuit has held that an "actual controversy exists if the declaratory action 'plaintiff has a real and reasonable apprehension that he will be subject to suit.'" *E.&J. Gallo Winery v. Proximo Spirits, Inc.*, 583 Fed. Appx. 632, 634 (9th Cir. 2014) (quoting *Societe de Conditionnement en Aluminium v. Hunter Engineering Co.*, 655 F.2d 938, 944 (9th Cir. 1981)).

Defendants move to strike Paragraphs 10e-f and 19(1)e-f of the FAC, which seek a determination of plaintiffs' alleged intellectual property rights, or defendants' alleged infringement thereof. In those paragraphs, plaintiffs seek a declaration:

> [10]e. that Plaintiffs have substantial intellectual property rights in their JAIPUR LINK Collection;
>
> [10]f. that, upon information and belief, Defendants have appeared either knowingly or by innocent act produced, manufactured and sold designs that are covered by the rights of Plaintiffs;

FAC ¶ 10e-f; *see also id.* ¶ 19(l)e-f (prayer for relief).

Defendants argue that "[t]he Letter, which is the sole basis for Plaintiffs' claim, relates only to Kantis's intellectual property rights and Plaintiffs' infringement of those rights, not the

10

other way around. If Plaintiffs want to assert their supposed rights against Kantis, their remedy is an affirmative suit for trademark or copyright infringement. There is otherwise no justiciable case or controversy sufficient to invoke the Declaratory Judgment Act as to Plaintiffs' alleged rights." Mot. at 9-10 (Dkt. No. 25). Defendants do not move to strike the remainder of plaintiffs' claim for declaratory relief, which seeks a declaration that, *inter alia*, plaintiffs have not infringed defendants' intellectual property rights.

In response, plaintiffs simply assert that "this Court has jurisdiction to adjudicate the positions of the parties as to alleged intellectual property rights and whether Kantis infringes Marco Bicego's rights." Opp'n at 11 (Dkt. No. 31). However, the letter that forms the basis of plaintiffs' declaratory relief claim does not contain any assertions about whether defendants infringe plaintiffs' intellectual property rights, or even what constitutes plaintiffs' intellectual property. The letter does not create a "real and substantial" dispute regarding plaintiffs' intellectual property rights or whether defendants have infringed those rights. The Court agrees with defendants that if plaintiffs wish to pursue intellectual property claims against defendants, they must do so by alleging affirmative claims for trademark or copyright infringement.

Accordingly, the Court GRANTS defendants' motion to strike Paragraphs 10e-f and 19(1)e-f of the FAC.

## CONCLUSION

For the reasons set forth above, the Court GRANTS defendants' motion to dismiss and to strike. Plaintiffs may file an amended complaint no later than **July 7, 2017**.

**IT IS SO ORDERED**.

Dated: June 20, 2017

SUSAN ILLSTON
United States District Judge

11