UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCO BICEGO S.P.A., *et al*., <br><br>Plaintiffs, <br><br>v. <br><br>STEPHANIE KANTIS, *et al*., <br><br>Defendants. | Case No. 17-cv-00927-SI <br><br>**ORDER GRANTING IN PART DEFENDANTS' MOTION TO DISMISS AND TO STRIKE; GRANTING PLAINTIFFS LEAVE TO FILE THIRD AMENDED COMPLAINT** <br><br>Re: Dkt. No. 46 |

Defendants' motion to dismiss and to strike was scheduled for a hearing on September 7, 2017. Pursuant to Civil Local Rule 7-1(b), the Court determined that this matter is appropriate for resolution without oral argument and vacated the hearing. For the reasons set forth below, the Court GRANTS defendants' motion to dismiss, GRANTS defendants' motion to strike in part, and GRANTS plaintiffs leave to amend. The amended complaint must be filed no later than **September 14, 2017.**

## BACKGROUND

**I.     Factual Background**

On February 23, 2017, plaintiffs Marco Bicego USA, Inc. and Marco Bicego S.P.A. filed this lawsuit against defendants Kantis Holdings, LLC and Stephanie Kantis. The second amended complaint alleges that plaintiffs are "world renowned fine jewelers celebrated over the past 59 years for their unique and high-quality designs using precious metals, primarily gold, platinum, silver and the highest quality diamonds in their work, including their famously received JAIPUR

and JAIPUR LINK collection." Second Amended Complaint ("SAC") at 1–2 (Dkt. No. 37). Defendants are "jewelry accessories manufacturers under the trademark and trade name Stephanie Kantis, selling nationally throughout the United States." *Id.* at 2.

The present suit arose out of a series of letters the parties exchanged beginning February 2, 2017. Defendants sent a cease-and-desist letter to plaintiffs, stating that "Ms. Kantis's signature look of her innovative jewelry collection is CORONATION chains . . . in her VERSITAL Collection, a collection of statement-making pendants, chains, and bracelets made to mix and match," and asserting that "Marco Bicego is presently advertising and offering for sale a line of virtually identical chains, which copies the Kantis Trade Dress and otherwise infringes on her copyrights." *Id.* at Ex. F. The letter requests, *inter alia*, that Bicego "immediately pull the Infringing Designs from his line and cease marketing and selling goods that infringe on Stephanie Kantis's trade dress and copyright." *Id.*

In a letter dated February 21, 2017, plaintiffs responded questioning defendants' claims and asserting their own intellectual property rights. *Id.* at Ex. G. On February 23, 2017, plaintiffs filed this lawsuit. Compl. (Dkt. No. 1). Five days later, plaintiffs sent a settlement proposal letter to defendants and filed their first amended complaint. SAC, Ex. H (Dkt. No. 37); FAC (Dkt. No. 9).

Two months later, on April 26, 2017, defendants responded directly to plaintiffs in a letter. SAC, Ex. I (Dkt. No. 37). In the letter, defendants strongly challenged plaintiffs' claims, rejected plaintiffs' claims in their complaint and letters, and further developed the factual and legal basis for their own trademark, trade dress, and copyright enforcement. *Id.* The letter closed offering a "reasonable discussion" on the matter, rather than litigation. *Id.*

## II. Procedural Background

The FAC asserted three causes of action: (1) declaratory relief under 28 U.S.C. §§ 2201-02; (2) violation of the Lanham Act, 15 U.S.C. § 1125(a); and (3) violation of California's Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, *et seq*. Defendants moved to dismiss the Lanham Act and Unfair Competition claims for failure to state a claim, and moved to strike certain

2

allegations as immaterial. In an order filed June 20, 2017, the Court dismissed the Lanham Act and Unfair Competition claims with leave to amend. Dkt. No. 36. The Court also granted defendants' motion to strike portions of the complaint which sought declaratory relief regarding plaintiffs' alleged intellectual property rights.[1] The Court found that defendants' February 2, 2017 letter, which formed the basis for plaintiffs' declaratory relief claim, "does not contain any assertions about whether defendants infringe plaintiffs' intellectual property rights, or even what constitutes plaintiffs' intellectual property. The letter does not create a real and substantial dispute regarding plaintiffs' intellectual property rights or whether defendants have infringed those rights. The Court agrees with defendants that if plaintiffs wish to pursue intellectual property claims against defendants, they must do so by alleging affirmative claims for trademark or copyright infringement." *Id.* at 11:10-15.

On July 6, 2017, plaintiffs filed the SAC, which alleges a single cause of action for declaratory relief under 28 U.S.C. §§ 2201–02. Dkt. No. 37. Despite the Court's order striking Paragraphs 10e–f and 19(1)e–f of the FAC, the SAC contains similar allegations and again seeks a declaration regarding plaintiffs' alleged intellectual property rights and defendants' infringement of those rights.

Defendants have moved to dismiss plaintiffs' declaratory relief claim for lack of subject matter jurisdiction. Defendants have also moved to strike the request for attorneys' fees and the allegations seeking declaratory relief regarding plaintiffs' intellectual property rights. In opposition, plaintiffs seek leave to file a third amended complaint. Opp'n, Ex. A (Dkt. No. 49).

**LEGAL STANDARDS**

**I.    Rule 12(b)(1)**

Federal Rule of Civil Procedure 12(b)(1) allows a party to challenge a federal court's

---

[1] The paragraphs at issue sought a declaration "that Plaintiffs have substantial intellectual property rights in their JAIPUR LINK Collection" and "that, upon information and belief, Defendants have appeared either knowingly or by innocent act produced, manufactured and sold designs that are covered by the rights of Plaintiffs." FAC ¶ 10e–f; *see also id.* at ¶ 19(l)e–f (corresponding prayer for relief).

3

jurisdiction over the subject matter of the complaint. As the party invoking the jurisdiction of the federal court, the plaintiff bears the burden of establishing that the court has the requisite subject-matter jurisdiction to grant the relief requested. *See Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994) (internal citations omitted). A complaint will be dismissed if, looking at the complaint as a whole, it appears to lack federal jurisdiction either "facially" or "factually." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004) ("A Rule 12(b)(1) jurisdictional attack may be facial or factual."); *Thornhill Publ'g Co., Inc. v. General Tel. & Elecs. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979). When the complaint is challenged for lack of subject-matter jurisdiction on its face, all material allegations in the complaint will be taken as true and construed in the light most favorable to the plaintiff. *NL Indus. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986). In deciding a Rule 12(b)(1) motion which mounts a factual attack on jurisdiction, "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims. Moreover, the plaintiff will have the burden of proof that jurisdiction does in fact exist." *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977).

## II. Rule 12(f)

Pursuant to Federal Rule of Civil Procedure 12(f), the Court may strike from a pleading "any redundant, immaterial, impertinent or scandalous matter." Fed. R. Civ. P. 12(f). The purpose of a Rule 12(f) motion is to avoid spending time and money litigating spurious issues. *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), reversed on other grounds, 510 U.S. 517 (1994). Matter is immaterial if it has no essential or important relationship to the claim for relief pleaded. *Id*. Matter is impertinent if it does not pertain and is not necessary to the issues in question in the case. *Id*.

## DISCUSSION

### I. Subject Matter Jurisdiction

Defendants move to dismiss the SAC for lack of federal subject matter jurisdiction. The

1    SAC alleges that this Court "has jurisdiction under 28 U.S.C. §§ 2201-02, the Declaratory
2    Judgment Act." SAC ¶ 3 (Dkt. No. 37). Defendants argue that the Declaratory Judgment Act
3    provides no independent basis for jurisdiction and that plaintiffs fail to allege subject matter
4    jurisdiction on federal question or diversity grounds. While plaintiffs do not clearly articulate the
5    jurisdictional basis for a declaratory relief claim, plaintiffs assert that this case has "a foundation in
6    intellectual property laws." Opp'n at 5 (Dkt. No. 49). Plaintiffs also propose to file a third
7    amended complaint alleging jurisdiction for the declaratory relief claim pursuant to the Lanham
8    Act, the Copyright Act, and diversity of the parties. Opp'n, Ex. A ¶ 3 (Dkt. No. 49).

   The Court concludes that the SAC fails to establish federal question jurisdiction under 28
U.S.C. § 1331. It is "well settled" that claims under the Declaratory Judgment Act require an independent basis of jurisdiction beyond the Act itself. *City of Colton v. Am. Promotional Events, Inc.-W.*, 614 F.3d 998, 1006 (9th Cir. 2010) (citing *Staacke v. United States Sec'y of Labor*, 841 F.2d 278, 280 (9th Cir. 1988)). Therefore, any party asserting a claim under the Declaratory Judgment Act must also establish federal subject matter jurisdiction arising under a federal question or diversity of citizenship. *Skelly Oil v. Phillips Petroleum*, 339 U.S. 667, 671-72 (1950). The SAC does not cite an independent basis for jurisdiction.

   In the interest of judicial efficiency, the Court will examine the jurisdictional allegations of the proposed TAC to determine whether plaintiffs can establish subject matter jurisdiction in this case. When determining federal question jurisdiction in a declaratory judgment case, the court must look to the "character of the threatened action." *Medtronic, Inc. v. Mirowski Family Ventures, LLC*, 134 S. Ct. 843, 848 (2014). The Court must ask whether a "coercive action" brought by the declaratory judgment defendant "would necessarily present a federal question." *Id.* (citing *Franchise Tax Bd. of Cal. v. Construction Laborers Vacation Trust for Southern Cal.*, 463 U.S. 1, 19 (1983)). It is the character of the threatened action—not the defense to that action—that confers federal question jurisdiction. *State of Cal. By & Through Dep't of Water Res. v. Oroville-Wyandotte Irr. Dist.*, 409 F.2d 532, 535 (9th Cir. 1969).

   The Court concludes that plaintiffs could allege jurisdiction under the Lanham Act but not pursuant to the Copyright Act. In their initial cease-and-desist letter, defendants threatened action

for trademark, trade dress, and copyright infringement. However, in the briefing on the current motion, defendants have stated that they have no federally registered copyrights and thus have no intent to bring an infringement suit under the Copyright Act. Motion at 7 (Dkt. No. 46); *see also* Reply to Opp'n at 3 (Dkt. No. 51). In contrast, defendants have not retracted their statements regarding their intent to enforce their trademarks or trade dress. Courts have found threatened intellectual property infringement actions provide the basis for subject matter jurisdiction in declaratory relief claims. *See, e.g., Medtronic, Inc.*, 134 S. Ct. at 848 (finding the threat of a patent infringement action upon the termination of a license provided Declaratory Judgment Act jurisdiction); *M2 Tech., Inc. v. M2 Software, Inc*., Nos. 13–41060, 14–40192, slip op. at 676 (5th Cir. Oct. 20, 2014) (finding the threat of trademark infringement claim under the Lanham Act provided Declaratory Judgment Act jurisdiction).

Accordingly, because the operative complaint does not adequately allege a basis for subject matter jurisdiction, the Court GRANTS defendants' motion to dismiss. The Court also GRANTS plaintiffs leave to file a **revised** third amended complaint to allege the basis for jurisdiction under 28 U.S.C. § 1331, 28 U.S.C. § 1338(a)[2], and the Lanham Act. As it appears that plaintiffs can allege federal question jurisdiction, the Court finds it unnecessary to address the parties' arguments about diversity jurisdiction.

## II.     Motion to Strike

Defendants move to strike the paragraphs in the SAC asserting plaintiffs' intellectual property rights. Defendants contend that these paragraphs (Paragraphs 27e–f and 31a.v.) are "nearly identical" to the paragraphs that the Court struck in the prior order. Paragraphs 27e-f and 31a.v. seek a declaration:

> [27]e. That Plaintiffs have asserted substantial property rights in their JAIPUR LINKS Collection against Defendant to which have been ignored and/or denied by Defendants;

---

[2] Section 1331 establishes "federal question jurisdiction." Section 1338(a) provides for federal subject-matter jurisdiction for "any civil action arising under any Act of Congress relating to patents, plant variety protection, copyrights and trademarks."

6

> [27]f. That, upon information and belief, Defendants by continuing to deny the rights of Plaintiffs, have either knowingly or by innocent act produced, manufactured and sold designs that are covered by the rights of Plaintiffs . . . ;
>
> [31]a.v. That Plaintiffs have shown substantial intellectual property rights in their JAIPUR LINKS Collection ignored and/or denied by Defendants.

Plaintiffs argue that these paragraphs are proper because they are supported by factual allegations regarding plaintiffs' assertion of their own rights against Kantis. Plaintiffs note that the FAC only contained allegations about defendants' February 2, 2017 cease-and-desist letter − which did not make any assertions about plaintiffs' intellectual property rights − whereas the SAC now contains allegations regarding two letters that plaintiffs sent to defendants in which plaintiffs made affirmative claims about their own intellectual property.

The Court concludes that Paragraphs 27e-f and 31a.v. are improper and should be stricken. The purpose of the Declaratory Judgment Act is "to relieve potential defendants from the Damoclean threat of impending litigation which a harassing adversary might brandish, while initiating suit at his leisure—or never." *Societe de Conditionnement v. Hunter Engineering Co.*, 655 F.2d 938, 943 (9th Cir. 1981). "The apprehension must have been caused by the defendant's actions." *Hal Roach Studios, Inc. v. Richard Feiner and Co., Inc.*, 896 F.2d 1542, 1556 (9th Cir. 1990). Here, plaintiffs do not allege that defendants have threatened litigation regarding infringement of *plaintiffs'* intellectual property rights. Instead, plaintiffs rely on their own letters to show that there is a case or controversy regarding plaintiffs' intellectual property. Plaintiffs cannot rely on their own actions to create a case or controversy under the Declaratory Judgment Act.[3] *See id.* Accordingly, the Court GRANTS defendants' motion to strike.

### III. Attorneys' Fees

Defendants move to strike plaintiffs' request for reasonable attorneys' fees, arguing that

---

[3] To the extent that defendants argue that the SAC does not allege a case or controversy regarding whether plaintiffs' jewelry collection infringes defendants' trademarks or trade dress, the Court disagrees. The SAC alleges an exchange of letters and a dispute between the parties regarding the use of jewelry designs, reflecting the adverse legal interests of an actual case or controversy. *See* SAC at Exhibits F–I (Dkt. No. ); *see also Shell Gulf of Mexico Inc. v. Ctr. for Biological Diversity, Inc.*, 771 F.3d 632, 635 (9th Cir. 2014) (explaining the factors courts weigh in assessing standing in DJA cases).

fees are "plainly not available to the prevailing party in a case under the DJA." Motion at 9 (Dkt. No. 46). In response, plaintiffs argue that they seek fees not solely under the Declaratory Judgment Act but also pursuant to intellectual property law.

Under the "American Rule," the prevailing party is generally not entitled to collect reasonable attorney fees from the loser, barring a statutory exception. *See Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 247 (1975). Section 2202 of the Declaratory Judgment Act provides that "[f]urther necessary or proper relief based on a declaratory judgment or decree may be granted, after reasonable notice and hearing, against any adverse party whose rights have been determined by such judgment." This provision empowers the court to give supplemental relief at its discretion. *Rincon Band of Mission Indians v. Harris*, 618 F.2d 569, 575 (9th Cir. 1980). The Ninth Circuit has not addressed in a published opinion the question of the availability of attorneys' fees in declaratory relief actions, and district courts within the Ninth Circuit have adopted varying approaches. *See, e.g.*, *Hewlett Packard Co. v. ACE Prop. & Cas. Ins. Co*., No. 99-20207, 2010 WL 11469575, at *3 (N.D. Cal. Dec. 15, 2010) (awarding fees); *Nat'l Merch. Ctr., Inc. v. MediaNet Grp. Techs., Inc*., 893 F. Supp. 2d 1054 (C.D. Cal. 2012) (denying fees).

In light of the unsettled state of the law, as well as the fact that this case is still at the pleadings stage, the Court will not strike plaintiffs' request for attorneys' fees. If plaintiffs prevail on their claim for declaratory relief, plaintiffs may request their fees and the Court will address the propriety of such a request at that time and upon a fuller factual record.

///

///

## CONCLUSION

For the foregoing reasons and for good cause shown, the Court hereby GRANTS defendants' motion to dismiss, GRANTS defendants' motion to strike in part, and GRANTS plaintiffs leave to amend. Plaintiffs must file an amended complaint no later than **September 14, 2017.**

**IT IS SO ORDERED**.

Dated: September 8, 2017

SUSAN ILLSTON
United States District Judge